UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GUILAINE JEAN-JACQUES,

        Plaintiff,
vs.

OCWEN LOAN SERVICING, LLC,

        Defendant.
_____/

## COMPLAINT

**COME NOW,** the Plaintiff, GUILAINE JEAN-JACQUES, by and through undersigned counsel, and brings this action against the Defendant, OCWEN LOAN SERVICING, LLC ("OCWEN"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in TILA and RESPA for Defendant's failure to comply with Section 2605(k) of RESPA and 1024.36 of Regulation X.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because Plaintiff resides in Miami-Dade County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, OCWEN was and is a foreign limited liability corporation, incorporated under the laws of the State of Delaware; duly licensed to transact business in the State of Florida, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

8. At all times material hereto, Plaintiff was and is a resident of Miami-Dade County, Florida, and owns a home, which is Plaintiff's primary residence, in Miami-Dade County.

9. At some point in time prior to the violations alleged herein, OCWEN was hired to service the subject loan.

10. At all times material hereto, OCWEN, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation owned by OCWEN and secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at **** NE 109th Street Miami, Florida 33161.

11. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

## **BACKGROUND AND GENERAL ALLEGATIONS**

12. On or about December 22, 2014, Loan Lawyers, on behalf of Plaintiff, mailed to OCWEN a written request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiff's RFI"). OCWEN received Plaintiff's RFI on or about December 26, 2014.

13. A true and correct copy of same is attached as Exhibit "A".

14. Plaintiff's RFI asked OCWEN, *inter alia*, to: (1) provide an accurate statement of the total outstanding balance that would be required to satisfy the above-referenced obligation in full as of a specified date ("payoff statement"); and (2) provide responses to twelve specific informational requests.

15. OCWEN was obligated to provide an accurate payoff statement within seven (7) business days of receipt of Plaintiff's RFI, pursuant to 15 U.S.C. § 1639g and 12 C.F.R. § 1026.36(c)(3).

16. Section 1639g of TILA, states: "A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower."

17. Section 1026.36(c)(3) of Regulation Z, states:

> [A] creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. The statement shall be sent within a reasonable time, but in no case more than seven business days, after receiving a written request from the consumer or any person acting on behalf of the consumer.

12 C.F.R. § 1026.36(c)(3)

18. OCWEN, was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

19. OCWEN, was obligated to provide a written response to Plaintiff's information requests within thirty (30) business days, which included the requested information or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". *See* 12 C.F.R. § 1024.36(d).

20. A few weeks passed and OCWEN failed to even acknowledge receipt of Plaintiff's RFI, contrary to Section 1024.36(c) of Regulation X.

21. In an attempt to amicably resolve the above issues, Plaintiff's counsel sent OCWEN a letter informing OCWEN that to date, Plaintiff had not received an acknowledgment of receipt of Plaintiff's RFI or an accurate payoff statement. Loan Lawyers also copied OCWEN's foreclosure counsel on the letter.

22. A true and correct copy of the letter is attached hereto as Exhibit "B".

23. On January 19, 2015, OCWEN's counsel provided Loan Lawyers with a payoff statement.

24. Several more weeks went by and OCWEN still had not sent a response to Plaintiff's RFI.

25. So, again, on February 16, 2015, Loan Lawyers, on behalf of Plaintiff, sent OCWEN a letter informing them that a response to Plaintiff's RFI had not been received.

26. A true and correct copy of same is attached hereto as Exhibit "C".

27. To date, OCWEN has failed or refused to acknowledge receipt of and respond to Plaintiff's RFI, contrary to 12 C.F.R. § 1024.36(c), 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B).

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

28. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 27.

29.     Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

30.     Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

31.     The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

32. OCWEN has failed to or refused to comply with 12 C.F.R. § 1024.36(c), 12 C.F.R. § 1024.36(d)(1), and 12 C.F.R. § 1024.36(d)(2)(i)(B) in that OCWEN did not provide a written acknowledgement or response to a request for information within the required timeframe.

33. As such, OCWEN has violated 12 U.S.C. § 2605(k)(1)(E).

34. Plaintiff attempted to amicably resolve the above-issues prior to the filing of this lawsuit. *See* Exhibits "B" and "C".

35. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

36. Plaintiff is entitled to actual damages as a result of Defendant, OCWEN's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's RFI; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to OCWEN's failure to respond to Plaintiff's RFI. *See* Almquist v. Nationstar Mortg., LLC, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla 2014)(the Court finding that actual damages includes photocopying and postage costs, and attorneys' fees incurred as a result of loan servicer's noncompliance with REPSA); Marais v. Chase Home Finance, LLC, 24 F.Supp.3d 712 (S.D. Ohio 2014)(the court, on remand, finding that actual damages encompass costs incurred in mailing QWR and "all expenses, costs, fees, and injuries" attributable to servicer's failure to appropriately respond to QWR); Cortez v. Keystone Bank, Inc., 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for pecuniary loss); Rawlings v. Dovenmuehle Mortg., Inc., 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

37. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of OCWEN's pattern or practice of noncompliance with Regulation X and RESPA.

38. In this case alone, OCWEN has violated four (4) separate provisions of Regulation X and RESPA.

39. Moreover, Plaintiff's counsel can demonstrate numerous correspondences sent to OCWEN, relating to other clients under the applicable statutes, in which OCWEN failed to acknowledge or adequately respond as required by law.

40. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, GUILAINE JEAN-JACQUES, respectfully asks this Court to enter an order granting judgment for the following:

(a) That OCWEN be required to provide the information requested in Plaintiff's RFI;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, GUILAINE JEAN-JACQUES, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:     (954) 523-4357
Facsimile:     (954) 581-2786